UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADVANCE AMERICA, CASH ADVANCE CENTERS, INC. et al. | : : : |
| Plaintiff, | : : |
| v. | : : |
| FDIC, et al. | : Civil Action No. 14-953 (GK) |
| Defendant. | : : : |

## MEMORANDUM OPINION

The Movants, Community Financial Services Association of America, Ltd. ("CFSA"), and Advance America, Cash Advance Centers, Inc. ("Advance America"), ask this Court to enter two orders—the September 25, 2014, Order dismissing its claims under the Administrative Procedure Act, [Dkt. No. 62], and its December 19, 2016, Order dismissing CFSA as a party to the case, [Dkt. No. 96]—as final judgments so that they may appeal those orders to the Court of Appeals. After consideration of the Movants' Motion [Dkt. No. 110], the Opposition [Dkt. No. 117], the Reply [Dkt. No. 122], Movants' Notice of Supplemental Support [Dkt. No. 144], the Response to the Notice of Supplemental Support [Dkt. No. 147], and the entire record herein, the Motion will be denied.

## I. BACKGROUND

On June 5, 2014, CFSA and Advance America (collectively "Original Plaintiffs") commenced this lawsuit. Complaint [Dkt. No. 1]. The Original Plaintiffs alleged that the Federal Defendants—the Federal Deposit Insurance Corporation ("the FDIC"), the Board of Governors of the Federal Reserve System, and both the Office of the Comptroller of the Currency and Thomas

J. Curry, in his official capacity as the Comptroller of the Currency ("the OCC")—participated in "Operation Choke Point," a campaign initiated by the United States Department of Justice to force banks to terminate their business relationships with payday lenders. See generally First Amended Complaint ("FAC") [Dkt. No. 12].

The Original Plaintiffs brought two distinct categories of claims against the Federal Defendants. First, they alleged that certain actions taken by the Federal Defendants as part of Operation Chokepoint violated various provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*. FAC ¶¶ 80-108, 116-44, 152-77. Second, they alleged that Operation Chokepoint violated the due process rights of CFSA's members, one of which is Advance America. FAC ¶¶ 109-115, 145-51, 178-84.

On September 25, 2015, in response to Motions to Dismiss brought by the Federal Defendants, the Court dismissed all of the Original Plaintiffs' APA claims. CFSA v. FDIC, 132 F. Supp. 3d 98, 105-107 (D.D.C. 2015). Subsequently, the Federal Defendants brought a new Motion to Dismiss, arguing that CFSA lacked standing to pursue the remaining due process claims on behalf of its members. [Dkt. No. 73]. On December 19, 2016, the Court granted the Federal Defendants' Motion, thereby dismissing CFSA as a party to this lawsuit. CFSA v. FDIC, No. 14 Civ. 953, 2016 WL 7376847 (D.D.C. Dec. 19, 2016) ("CFSA II").

On January 16, 2017, CFSA filed the present Motion for Entry of Final Judgment Pursuant to Rule 54(b), asking the Court to certify the Orders accompanying the opinions in CFSA I and CFSA II as final judgments so that they can be appealed to the Court of Appeals. [Dkt. No. 110]. The parties fully briefed the Motion for Entry of Final Judgment. See [Dkt. No. 117] and [Dkt. No. 122].

While the Motion for Entry of Final Judgment was pending, several New Plaintiffs were added to the Complaint, see Order granting Plaintiffs' Motion for Leave to File Third Amended Complaint [Dkt. No. 120], and the Court denied a Motion for Preliminary Injunction filed by Advance America and the New Plaintiffs, see Un-Sealed Memorandum Opinion ("CFSA III") [Dkt. No. 134]. Advance America and the New Plaintiffs have appealed the denial of the Motion for Preliminary Injunction to the Court of Appeals. See Notice of Appeal to D.C. Circuit Court [Dkt. No. 142]. After the appeal was filed, the Movants filed a Notice of Supplemental Support, arguing that in light of the pending appeal of the denial of the Motion for Preliminary Injunction, there were even greater reasons to grant their Motion for Entry of Final Judgment. [Dkt. No. 144]. The Federal Defendants filed a Response, renewing their arguments that the Court should not grant the Motion. [Dkt. No. 147].

## II. DISCUSSION

### A. Legal Standard

Rule 54(b) states that "[w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "The rule does not allow a court to certify any and all eligible claims, but only those for which 'the court expressly determines that there is no just reason for delay' of an appeal." Brooks v. Dist. Hosp. Partners, L.P., 606 F.3d 800, 806 (D.C. Cir. 2010) (quoting Fed. R. Civ. P. 54(b)). Only "exceptional cases" qualify for certification under Rule 54(b). Bldg. Indus. Ass'n of Super. California v. Babbitt, 161 F.3d 740, 743 (D.C. Cir. 1998). "Ordinarily, the presumption against

piecemeal appeals will be sufficient to deny certification." Grosdidier v. Chairman, Broad. Bd. of Governors, 774 F. Supp. 2d 76, 123 (D.D.C. 2011).

To determine that there is no just reason for delay, the order the movant seeks to certify must be a final order with respect to at least one claim. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2656 (3d ed.) ("Wright and Miller"); Capital Transit Co. v. District of Columbia, 225 F.2d 38, 40 (D.C. Cir. 1955) ("There must be multiple claims of which at least one has been adjudicated.") (citation and quotation marks omitted). If it is final, the Court then "weighs both 'justice to the litigants' and 'the interest of sound judicial administration.'" Id. (quoting Curtiss–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 6, 8 (1980)). "[T]he factors pertaining to judicial administration include 'whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court will have to decide the same issues more than once even if there are subsequent appeals.'" Id. (quoting Curtiss-Wright, 446 U.S. at 8). In contrast, the factors affecting justice to the parties "will inevitably differ from case to case." Id.

The D.C. Circuit has directed the district courts to "supply a statement of reasons" when ruling on a motion under Rule 54(b). Taylor v. FDIC, 132 F.3d 753, 761 (D.C. Cir. 1997). Absent such a statement, the appellate court may be "uncertain whether the district judge exercised its discretion soundly, or indeed whether it exercised its discretion at all." Id.

**B. Analysis**

Having considered all the relevant factors, Court concludes that certification is not warranted. Certainly the Orders that Movants seek to certify are final.[1] But the risk of injustice to CFSA appears minimal, certainly with respect to the Due Process Claims, because its members have joined the lawsuit as plaintiffs.

Moreover, even though the issues involved in those Orders and the remaining claims are separable to some extent,[2] they rely on an "identical nucleus of facts as the remaining claims against the government." Stewart v. Gates, 277 F.R.D. 33, 37 (D.D.C. 2011). Additionally, pending before the Court are several motions that may dispose of the remaining claims of the remaining Plaintiffs in relatively short order. See [Dkt. Nos. 101 and 138]. This raises the possibility that "the Court of Appeals could be confronted with the possibility of multiple appeals in this same case if the losing party of a subsequent judgment resolving the remaining claims in the lawsuit also seeks an appeal." Stewart v. Gates, 277 F.R.D. at 37. "The avoidance of such

---

[1] Dismissals for either failure to state a claim or for lack of subject matter jurisdiction are final orders. See Asemani v. Govt. of Islamic Republic of Iran, 304 Fed. Appx. 871, 871 (D.C. Cir. 2008) (unpublished) ("Dismissal of a case for failure to state a claim is an adjudication on the merits . . . ." (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981))); 10 Wright and Miller § 2656 (dismissal of a claim for lack of subject matter jurisdiction is final for purposes of Rule 54(b)). The Order in CFSA I dismissed Plaintiff's APA claims for failure to state a claim, 132 F. Supp. 3d at 121, while the Order in CFSA II dismissed CFSA's due process claims for lack of standing. 2016 WL 7376847 at *13. As a result, all of CFSA's claims were dismissed. Consequently, both Orders are final for purposes of Rule 54(b).

[2] The APA claims the Court dismissed in CFSA I are separable from the remaining due process claims of Advance America and the New Plaintiffs. Though the factual issues involved overlap significantly—what steps, if any, the Federal Defendants took to pressure regulated banks to terminate relationships with payday lenders—the legal standards governing the two sets of claims are quite different. Compare CFSA I, 132 F. Supp. 3d at 117-18 (discussing the relevant legal standard for the APA claims), with id. at 123-24 (discussing the relevant legal standard for the due process claims).

piecemeal appeals arising from the same case and implicating the same nucleus of facts is the reason that Rule 54(b) motions are to be granted only sparingly." Id. Therefore, the Court "finds that judicial resources will be best preserved in this case by providing a unified opportunity for appeal following the conclusion of the litigation." Stewart v. Panetta, 826 F. Supp. 2d 176, 179 (D.D.C. 2011).

For the foregoing reasons, the Motion shall be denied.

April 25, 2016

*/s/ Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF