UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ADVANCE AMERICA, CASH ADVANCE CENTERS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 14-953 GK |
| v. | ) ) | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
OFFICE OF THE COMPTROLLER OF THE CURRENCY AND KEITH A. NOREIKA
TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

AMY S. FRIEND
Chief Counsel

CHARLES M. STEELE
Deputy Chief Counsel

GREGORY F. TAYLOR
Assistant Director of Litigation

/s/ Peter C. Koch
PETER C. KOCH
Special Counsel
Office of the Comptroller of the Currency
400 7th Street SW
Washington DC 20219
Telephone:   (202) 649-6313
Facsimile:   (202) 649-5709

July 19, 2017

Defendants Office of the Comptroller of the Currency and Keith A. Noreika in his official capacity as Acting Comptroller of the Currency (together, "OCC"), by and through their undersigned counsel, for their Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief dated February 7, 2017, hereby state as follows:

## <u>DEFENDANTS' ANSWER</u>

1. The OCC admits that the second and third sentences of this paragraph contain partial quotations from the cited document.  The fourth sentence of this paragraph contains a legal conclusion that the OCC is not required to answer. To the extent the OCC is required to answer, the OCC denies that the sentence contains an accurate characterization of 12 U.S.C. § 5517(o). The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

2. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

3. The OCC denies the allegations contained in the first and second sentences of this paragraph.  The OCC admits that the third sentence of this paragraph contains partial quotations of a 2014 House of Representatives Staff Committee Report on Operation Choke Point.  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies that it is or has ever been part of Operation Choke Point or that the staff Report addresses any conduct of the OCC that would support Plaintiffs' claim against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

4. The OCC denies the allegations in the first, second, and third sentences of this paragraph.  The OCC admits that the fourth sentence in this paragraph contains partial quotations

of an FDIC FIL.  To the extent the allegations constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.

5. The OCC admits that this paragraph contains a partial quotation of Chairman Hensarling's May 22, 2014 letter.  To the extent the allegations constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies the remaining allegations contained in this paragraph.

6. The OCC denies the allegations contained in this paragraph.

7. The OCC denies the allegations contained in this paragraph.

8. The OCC denies the allegations contained in the first sentence of this paragraph.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and therefore denies them.  The OCC denies the remaining allegations contained in this paragraph.

9. The allegations contained in this paragraph call for legal conclusions to which no answer is required.  Answering further, the OCC denies any acts or omissions giving rise to this action.

10. The allegations contained in this paragraph call for legal conclusions to which no answer is required.

11. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

12. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

13. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

14. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

15. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

16. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

17. The OCC denies the allegations contained in the first and second sentences of this paragraph.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

18. The OCC denies the allegations contained in this paragraph.

19. The OCC denies the allegations contained in this paragraph.

20. The OCC admits that the FDIC is, and was at all relevant times, a banking agency of the United States government, and that it is located at 550 17th Street, N.W., Washington, D.C. 20429.

21. The OCC admits that the Board of Governors of the Federal Reserve System is, and was at all relevant times, a banking agency of the United States government, and that it is located at 20th Street and Constitution Avenue, N.W., Washington, D.C. 20551.

22. The OCC admits that the OCC is, and was at all relevant times, a banking agency of the United States government, housed within the Department of the Treasury, and that it is located at Constitution Center, 400 7th Street, S.W., Washington, D.C. 20219.

23. The OCC admits that Keith A. Noreika is the Acting Comptroller of the Currency, that his official address is Constitution Center, 400 7th Street, S.W., Washington, D.C. 20219,

and that he is being sued in his official capacity.  The remainder of the allegations contained in this paragraph call for legal conclusions to which no answer is required

24. The OCC admits that as a general matter, a payday loan is an advance on the borrower's paycheck or other source of income and that, as a general matter and in certain instances, payday loans can provide short-term credit. The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

25. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  To the extent the allegations are deemed factual allegations, the OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

26. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

27. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

28. The OCC admits as a general matter that when a prospective borrower applies for a payday loan he or she may provide a post-dated check or an electronic debit authorization to the lender and that payday loan agreements may permit a lender to deposit the postdated check or to execute the debit authorization.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

29. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

30. The OCC admits that the financial industry is subject to federal oversight and regulation but denies the remaining allegations contained in this paragraph.

31. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required. To the extent the allegations are deemed factual allegations, the OCC admits that the financial industry is subject to federal oversight and regulation but denies the remaining allegations contained in the foregoing paragraph.

32. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  The statutory provisions are the best evidence as to their contents.

33. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  The statutory provisions are the best evidence as to their contents.

34. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  The statutory provisions are the best evidence as to their contents.

35. The OCC admits that interagency guidelines containing the quoted statements have been published in the Federal Register and may be found at 12 C.F.R. Pt. 364, App. A (FDIC), 12 C.F.R. Pt. 208, App. D-1 (Board) and 12 C.F.R. Pt. 30, App. A (OCC).  The remaining allegations contained in this paragraph call for legal conclusions to which no answer is required. The regulatory provisions are the best evidence as to their contents.

36. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  The regulatory provisions are the best evidence as to their contents.

37. The OCC admits that it has issued regulations and regulatory guidance regarding safe and sound banking practices at various times.  The remaining allegations contained in this paragraph call for legal conclusions to which no answer is required.  The regulatory provisions or regulatory guidance are the best evidence as to their contents.

38. The OCC admits as a general matter the allegations contained in the first and second sentences of this paragraph.  The OCC denies the remaining allegations contained in this paragraph.

39. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  The statutory provisions are the best evidence as to their contents.

40. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  The statutory provisions are the best evidence as to their contents.

41. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  The statutory provisions are the best evidence as to their contents.

42. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  The statutory provisions are the best evidence as to their contents.

43. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.  The statutory provisions are the best evidence as to their contents.

44. The OCC admits the allegations of this paragraph.

45. The OCC admits that reputation risk is a risk that depository institutions must manage. The OCC further admits that the allegations in this paragraph contain partial quotations from the cited documents. To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves. The OCC denies the remaining allegations contained in this paragraph.

46. The OCC denies the allegations contained in this paragraph.

47. The OCC admits that the allegations in this paragraph contain partial quotations from the cited documents. To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves. The OCC denies the remaining allegations contained in this paragraph.

48. The OCC admits that the allegations in this paragraph contain a partial quotation from the cited document. To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves. The allegations in the sixth sentence of this paragraph call for a legal conclusion to which no answer is required. The OCC denies the remaining allegations contained in this paragraph.

49. The first five sentences of this paragraph consist of Plaintiffs' quotations from and characterization of a guidance document issued by another defendant agency and a letter by the U.S. Department of Justice. To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves. The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

50. The OCC admits that the allegations in this paragraph contain partial quotations of the cited documents.  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies the remaining allegations contained in this paragraph.

51. The OCC admits that it issued Risk Management Guidance: Third Party Relationships, OCC Bull. No. 2013-29 (Oct. 30, 2013).  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies the remaining allegations contained in this paragraph.

52. The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent the allegations are deemed factual allegations in support of Plaintiffs' claims, the OCC denies the allegations.

53. The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent the allegations are deemed factual allegations in support of Plaintiffs' claims, the OCC denies the allegations.

54. The allegations contained in this paragraph consists of Plaintiffs' characterization of a guidance document issued by another defendant agency, to which no response is required. To the extent a response is required, the OCC answers that the document speaks for itself.  The OCC denies the remaining allegations contained in this paragraph.

55. The OCC denies the allegations contained in this paragraph.

56. The OCC admits that this paragraph contains partial quotations of a 2014 House of Representatives Staff Committee Report on Operation Choke Point.  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations

are denied because the documents speak for themselves.  The OCC denies that it is or has ever been part of Operation Choke Point or that the staff Report addresses any conduct of the OCC that would support Plaintiffs' claim against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

57. The OCC denies the allegations contained in this paragraph.

58. The OCC admits that this paragraph contains partial quotations taken from a 2014 House of Representatives Staff Committee Report on FDIC Involvement in Operation Choke Point or from its Appendix.  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies that it is or has ever been part of Operation Choke Point or that the staff Report addresses any conduct of the OCC that would support Plaintiffs' claim against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

59. The OCC admits that this paragraph contains partial quotations taken from an August 2013 letter from Rep. Blaine Luetkemeyer and from the 2014 House of Representatives Staff Committee Report on Operation Choke Point or from its Appendix.  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies that it is or has ever been part of Operation Choke Point or that Rep. Luetkemeyer's letter or the House Staff Committee Report on Operation Choke Point addresses any conduct of the OCC that would support Plaintiffs' claim against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

60. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

61. The OCC admits that this paragraph contains partial quotations taken from a 2014 House of Representatives Staff Committee Report on FDIC Involvement in Operation Choke Point.  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies that it is or has ever been part of Operation Choke Point or that the staff Report addresses any conduct of the OCC that would support Plaintiffs' claim against the OCC.  The OCC is without knowledge or information sufficient to form a belief as to the allegation contained in this paragraph that more than fifty subpoenas were served by DOJ on banks as part of Operation Choke Point.  The OCC denies the remaining allegations contained in this paragraph.

62. The OCC admits that this paragraph contains partial quotations taken from a 2014 House of Representatives Staff Committee Report on Operation Choke Point.  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies that it is or has ever been part of Operation Choke Point or that the staff Report addresses any conduct of the OCC that would support Plaintiffs' claim against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

63. The OCC denies the allegations contained in this paragraph.

64. The OCC denies the allegations contained in this paragraph.

65. The OCC admits that this paragraph contains partial quotations taken from FDIC, Financial Institution Letter: Revised Guidance on Payment Processor Relationships, FIL-3-2012 (Jan. 31, 2012).  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for

themselves.  The OCC denies that it is or has ever been part of Operation Choke Point or that the

FDIC guidance document addresses any conduct of the OCC that would support Plaintiffs' claim

against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

66. The OCC admits that this paragraph contains partial quotations taken from FDIC,

Financial Institution Letter: Revised Guidance on Payment Processor Relationships, FIL-3-2012

(Jan. 31, 2012).  To the extent the allegations contained in this paragraph constitute Plaintiffs'

characterization of documents, those allegations are denied because the documents speak for

themselves.  The OCC denies that it is or has ever been part of Operation Choke Point or that the

FDIC guidance document addresses any conduct of the OCC that would support Plaintiffs' claim

against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

67. The OCC admits that this paragraph contains partial quotations taken from a May 22,

2014 letter from Rep. Jeb Hensarling.  To the extent the allegations contained in this paragraph

constitute Plaintiffs' characterization of documents, those allegations are denied because the

documents speak for themselves.  The OCC denies that it is or has ever been part of Operation

Choke Point or that Rep. Hensarling's May 22, 2014 letter addresses any conduct of the OCC

that would support Plaintiffs' claim against the OCC.  The OCC denies the remaining allegations

contained in this paragraph.

68. The OCC denies the allegations contained in this paragraph.

69. The OCC admits that this paragraph contains partial quotations taken from a 2014

House of Representatives Staff Committee Report on Operation Choke Point.  To the extent the

allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those

allegations are denied because the documents speak for themselves.  The OCC denies that it is or

has ever been part of Operation Choke Point or that the staff Report addresses any conduct of the

OCC that would support Plaintiffs' claim against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

70. The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

71. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

72. The OCC denies that it is or has ever been part of Operation Choke Point or that it otherwise has applied any regulatory pressure on any of its supervised banks to close any bank account of Check Into Cash.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

73. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

74. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

75. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

76. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

77. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

78. The OCC denies that it is or has ever been part of Operation Choke Point or that it otherwise has applied any regulatory pressure on Wells Fargo Bank to close any bank account of

Northstate Check Exchange.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

79. The OCC denies the allegations contained in the fourth, sixth, and ninth sentences of this paragraph.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

80. The OCC denies the allegations contained in the first sentence of this paragraph.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

81. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

82. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

83. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

84. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

85. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

86. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

87. The OCC admits the banks described in this paragraphs are subject to the Defendant agencies' prudential regulatory jurisdiction; that FDIC is the primary federal banking regulator

for Bank of Kentucky, Hancock Bank, Synovus Bank, Umpqua Bank, Citizens Bank, International Bank of Commerce, First Bank and Trust, First Citizens Bank, MainSource Bank, South State Bank, Tri Counties Bank, and Whitney Bank; that the Board is the primary federal banking regulator for Bank Independent, Compass Bank, Chemical Bank, Fifth Third, and Regions Bank; and that the OCC is the primary federal banking regulator for Associated Bank, Bank of America, Cadence Bank, Capital One, First Financial Bank, FirstMerit Bank, First Tennessee Bank, KeyBank, J.P. Morgan Chase, U.S. Bank, Wells Fargo Bank, N.A., and PNC Bank, N.A. The OCC denies that it is the prudential regulator of Bank Independent.  The remaining allegations contained in this paragraph call for a legal conclusion to which no answer is required.

88. The OCC denies the allegations contained in the first sentence of this paragraph.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph that numerous other CFSA members have lost longstanding, positive banking relationships, despite their law-abiding and responsible business practices.  The OCC denies the remaining allegations contained in this paragraph.

89. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

90. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

91. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

92. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

93. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

94. The OCC admits that this paragraph contains a partial quotation from Chairman Bob Goodlatte's statement before the House Committee on the Judiciary but denies that Rep. Goodlatte's statement addresses any conduct of the OCC that would support Plaintiffs' claim against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

95. The OCC denies that it exerted any coercive regulatory pressure on any bank that it regulated to terminate relationships with customers.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

96. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

97. The OCC denies that it is or has ever been part of Operation Choke Point or that it has exerted any coercive regulatory pressure on any bank that it regulated to cut ties with processor clients that do business with payday lenders.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

98. The OCC denies the allegations contained in this paragraph.

99. The OCC admits that this paragraph contains partial quotations taken from a DOJ memorandum included in the Appendix to the 2014 House of Representatives Staff Committee Report on Operation Choke Point.  To the extent the allegations contained in this paragraph

constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies that it is or has ever been part of Operation Choke Point or that the staff Report addresses any conduct of the OCC that would support Plaintiffs' claim against the OCC.  The OCC denies the remaining allegations contained in this paragraph.

100. The OCC admits that this paragraph contains partial quotations taken from an email quoted in the 2014 House of Representatives Staff Committee Report on FDIC Involvement in Operation Choke Point.   To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of documents, those allegations are denied because the documents speak for themselves.  The OCC denies the remaining allegations contained in this paragraph.

101. The OCC denies that it has ever targeted CFSA members.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

102. The OCC denies the allegations contained in this paragraph.

103. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

104. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

105. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

106. The OCC denies that it is or has ever been part of Operation Choke Point or that the OCC has deprived DollarSmart of any other payday lender of the ability to continue in its chosen line of commerce or that the OCC's actions have left some of DollarSmart's workers and

owners unemployed.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

107. The OCC denies that it is or has ever been part of Operation Choke Point or that the OCC has been part of any campaign to subject banks that serve payday lenders or any other industry to coercive examinations.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

108. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

109. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

110. The OCC denies that it is or has ever been part of Operation Choke Point or that the OCC in any way has targeted payday lenders or pressured or coerced banks to terminate relationships with payday lenders or with members of any other industry.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

111. The OCC denies the allegations contained in the last sentence of this paragraph. The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

112. The OCC denies the allegations contained in this paragraph.

113. The OCC admits that it is the prudential regulator of Bank of America, Capital One, JPMorgan Chase Bank, and Wells Fargo Bank.  The OCC is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

114. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

115. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

116. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

117. The OCC admits that this paragraph contains partial quotations taken from the cited publication.  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of that publication, those allegations are denied because the publication speaks for itself.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

118. The OCC admits that this paragraph contains partial quotations from the cited publication.  To the extent the allegations contained in this paragraph constitute Plaintiffs' characterization of that publication, those allegations are denied because the publication speaks for itself.  The OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

119. The OCC denies the allegations contained in this paragraph.

120. The OCC denies that it is or has ever been part of Operation Choke Point or that it has coerced any of the banks that it regulates to terminate deposit accounts of payday lenders. OCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

121. The OCC denies the allegations contained in this paragraph.

122. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph and therefore denies them.  The OCC denies the allegations contained in the third and fourth sentences of this paragraph.

123. The OCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

124. The OCC denies the allegations contained in this paragraph.

125 – 131. The OCC makes no answer to the allegations contained in Paragraph Nos. 125 to 131 as Count I and the allegations set out in support of that count do not pertain to the OCC.

132. The OCC hereby incorporates as its answer to this paragraph its answers to the preceding paragraphs as if set out in their entirety herein.

133. The OCC responds that allegations contained in this paragraph call for legal conclusions to which no answer is required.

134. The OCC denies the allegations contained in this paragraph.

135. The OCC denies the allegations contained in this paragraph.

136. The OCC denies the allegations contained in this paragraph.

137. The OCC denies the allegations contained in this paragraph.

138. The OCC denies the allegations contained in this paragraph.

139 – 145. The OCC makes no answer to the allegations contained in Paragraph Nos. 139 to 145 as Count III and the allegations set out in support of that count do not pertain to the OCC.

146. The OCC denies that Plaintiffs are entitled to any of the relief they seek in subparts (a), (b), (c), and (d) of this paragraph.

WHEREFORE, Defendants Office of the Comptroller of the Currency and Keith A. Noreika, in his official capacity, respectfully request that judgment be entered in their favor and against Plaintiffs, and that the Court grant Defendants any and all further relief it deems appropriate.

## DEFENDANTS' AFFIRMATIVE DEFENSES

NOW COME Defendants Office of the Comptroller of the Currency and Keith A. Noreika, in his official capacity, and as affirmative defenses to Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief state as follows:

### FIRST DEFENSE

Plaintiffs lack the necessary standing required by Article III of the United States Constitution to bring this action because they have failed to show that the injuries purportedly suffered by Plaintiffs would be redressed by an order against the OCC or that those injuries were caused by actions of the OCC.

### SECOND DEFENSE

Plaintiffs are not entitled to any injunctive relief that would prohibit the OCC from examining regulated entities to determine whether to bring an enforcement action. Section 8(i)(1) of the FDI Act withdraws the Court's jurisdiction to enjoin the OCC from exercising its authority to address unsafe or unsound conditions at an OCC-regulated institution. 12 U.S.C. § 1818(i)(1).

### THIRD DEFENSE

At all times relevant herein, the OCC has provided Plaintiffs sufficient procedures to satisfy any due process required by an OCC-supervised institution's decision to terminate the deposit accounts of Plaintiffs.  The OCC's Customer Assistance Group (CAG) helps customers

resolve issues with national banks, federal thrifts, and their operating subsidiaries through the filing of a complaint as explained at www.HelpWithMyBank.gov.  The website invites bank customers to submit a complaint regarding, among other problems, account terminations, and it advised Plaintiffs how to have the OCC review the deposit account terminations for their members by filing a complaint with the OCC Customer Assistance Group.  Plaintiffs had the opportunity to be heard on their claim that OCC-supervised banks erroneously or improperly closed deposit accounts of Plaintiffs based on erroneous information about the risks posed by the banking institution's relationship with those members.  Accordingly, at all relevant times, Plaintiffs have been able to avail themselves of an appropriate hearing that is adequate to protect any liberty interest they may have had regarding a decision by an OCC-supervised institution to terminate a deposit account based on the bank's risk-management practices.

### FOURTH DEFENSE

To the extent that the allegations of Plaintiffs' complaint state any causes of action they are barred by the Federal Tort Claim Act and, therefore, Plaintiffs' claims must be dismissed.  28 U.S.C. §§ 1346, 2675, 2680.

### FIFTH DEFENSE

Plaintiffs' claims are barred by sovereign immunity.

### SIXTH DEFENSE

Plaintiffs lack prudential standing to bring this action.

### SEVENTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### EIGHTH DEFENSE

Plaintiffs' claims fail for lack of subject matter jurisdiction.

## NINTH DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

## TENTH DEFENSE

There is no causal relationship between the alleged acts of the OCC and any injury or damage allegedly suffered by Plaintiffs.

## ELEVENTH DEFENSE

Plaintiffs' claims are moot.

## TWELFTH DEFENSE

Plaintiffs' claims for injunctive and other prospective equitable relief are barred because Plaintiffs have an adequate and complete remedy at law.

## THIRTEENTH DEFENSE

Plaintiffs have failed to join an indispensable party.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel, waiver, and laches.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred by their failure to mitigate.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are not ripe.

WHEREFORE, Defendants Office of the Comptroller of the Currency and Keith A. Noreika, in his official capacity, respectfully request that judgment be entered in their favor and against Plaintiffs, and that the Court grant Defendants any and all further relief it deems appropriate.

Respectfully submitted,

AMY S. FRIEND
Chief Counsel

CHARLES M. STEELE
Deputy Chief Counsel

GREGORY F. TAYLOR
Assistant Director of Litigation

/s/ Peter C. Koch
PETER C. KOCH
Special Counsel
Office of the Comptroller of the Currency
400 7th Street SW
Washington DC 20219
Telephone:   (202) 649-6313
July 19, 2017                          Facsimile:   (202) 649-5709