UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
ADVANCE AMERICA, et al.,                     )
                                                          )
          Plaintiffs,                                  )          CIVIL ACTION
                                                          )
          v.                                              )
                                                          )          Case No. 14-953 (GK)
FEDERAL DEPOSIT INSURANCE          )
CORPORATION, et al.,                            )
                                                          )
          Defendants.                                )
_____)

**FEDERAL DEPOSIT INSURANCE CORPORATION'S ANSWER
TO THIRD AMENDED COMPLAINT**

Defendant Federal Deposit Insurance Corporation, through undersigned counsel, hereby

answers Plaintiffs' Third Amended Complaint, as follows:

1.      The FDIC admits that the cited document contains the quoted statement.  The

fourth sentence of this paragraph consists of a legal conclusion to which no response is required.

To the extent the FDIC is required to answer, the FDIC denies the allegations of the fourth

sentence of this paragraph.  The FDIC denies the remaining allegations of this paragraph.

2.      The FDIC lacks knowledge regarding the allegations of this paragraph and

therefore denies those allegations.

3.      The FDIC admits that the document cited in the third sentence of this paragraph

contains the quoted statement and otherwise denies the allegations of this paragraph.

4.      The FDIC admits that its guidance document, FIL-44-2008 (June 6, 2008),

contains the quoted statements, and otherwise denies the allegations of this paragraph.

5.      The FDIC admits that the cited document contains the quoted statement and

otherwise denies the allegations of this paragraph.

6.      The FDIC denies the allegations of this paragraph.

7.      The FDIC admits that the cited documents contain the quoted statements and denies the remaining allegations of this paragraph.

8.      The fifth through seventh sentences of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the FDIC denies the allegations in the fifth through seventh sentences of this paragraph.  The FDIC lacks knowledge regarding the allegations of the second sentence of this paragraph and therefore denies those allegations.  The FDIC denies the remaining allegations of this paragraph.

9.      This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, the FDIC denies that subject matter jurisdiction exists in this lawsuit.

10.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, the FDIC admits that venue is proper in this Court and that this is an action against officers and agencies of the United States.  The FDIC denies the remaining allegations of this paragraph.

11.     The FDIC admits the allegations of this paragraph.

12.     The FDIC admits the allegations of this paragraph.

13.     The FDIC admits the allegations of this paragraph.

14.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

15.     The allegations in this paragraph no longer require a response following PH Financial's dismissal from this lawsuit.  To the extent a response is required, the FDIC denies the

allegations.

16.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

17.     The FDIC denies the allegations in the first and second sentences of this paragraph.  The FDIC lacks knowledge regarding the allegations in the third sentence of the paragraph and therefore denies those allegations.

18.     The FDIC denies the allegations of this paragraph.

19.     The FDIC denies the allegations of this paragraph.

20.     The FDIC admits that one of its offices is located at 550 17th Street, Washington, DC 20429.  The FDIC admits the remaining allegations of this paragraph.

21.     The FDIC admits that one of the offices of the Federal Reserve Board of Governors is located at 20th Street and Constitution Avenue, Washington, DC 20051.  The FDIC admits the remaining allegations of this paragraph.

22.     The FDIC admits that one of the offices of the Office of the Comptroller of the Currency is located at Constitution Center, 400 7th St. SW, Suite 3E-218, Washington, DC 20024.  The FDIC admits the remaining allegations of this paragraph.

23.     The FDIC denies the allegations of this paragraph.

24.     The FDIC admits that a payday loan is an advance on the borrower's paycheck or other source of income and can be a source of short-term credit and denies the remaining allegations of this paragraph.

25.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, the FDIC admits that several states have laws regulating payday loans and the Truth in Lending Act (TILA) may apply to payday loans, but lacks knowledge

regarding whether each specific plaintiff makes payday loans in a manner that would bring the loans within the purview of TILA and therefore denies the remaining allegations of the paragraph.

26.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

27.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

28.     The FDIC admits that, when a prospective borrower applies for a payday loan, he or she may provide a post-dated check or an electronic debit authorization to the lender and that payday loan agreements may permit a lender to deposit the postdated check or to execute the debit authorization.  The FDIC lacks knowledge regarding the remaining allegations of this paragraph and therefore denies those allegations.

29.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

30.     The FDIC states that the cited purposes of regulatory oversight are not exclusive and otherwise admits the allegations of this paragraph as to depository institutions.  Because the FDIC lacks knowledge regarding the allegations of this paragraph as to nondepository institutions, it denies those allegations.

31.     This paragraph consists of legal conclusions to which no response is required.

32.     This paragraph consists of legal conclusions to which no response is required.

33.     This paragraph consists of legal conclusions to which no response is required.

34.     This paragraph consists of legal conclusions to which no response is required.

35.     The FDIC admits that interagency guidelines containing the quoted statements

have been published.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.

36.     The FDIC admits that the interagency guidelines contain the quoted statements. The remaining allegations of this paragraph consist of legal conclusions to which no response is required.

37.     The FDIC admits that it has published guidance on safe and sound banking practices at various times.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.

38.     The FDIC admits the allegations of the first two sentences of this paragraph and denies the remaining allegations.

39.     This paragraph consists of legal conclusions to which no response is required.

40.     This paragraph consists of legal conclusions to which no response is required.

41.     This paragraph consists of legal conclusions to which no response is required.

42.     This paragraph consists of legal conclusions to which no response is required.

43.     This paragraph consists of legal conclusions to which no response is required.

44.     The FDIC admits the allegations of this paragraph.

45.     The FDIC admits the allegations of the first sentence of this paragraph and admits that the cited documents contain the quoted statements.  The FDIC denies the remaining allegations of this paragraph.

46.     The FDIC denies the allegations of this paragraph.

47.     The FDIC admits that the cited document contains the quoted statements and denies the remaining allegations of this paragraph.

48.     The FDIC admits that the cited document contains the quoted statements.  The

FDIC denies the remaining allegations of this paragraph.

49.     The FDIC admits the allegations of the first two sentences of this paragraph.  The FDIC lacks knowledge regarding the allegations of the fourth sentence of this paragraph and therefore denies those allegations.  The FDIC admits there was an article containing a list but denies the remaining allegations insofar as the list of merchant categories was withdrawn on July 28, 2014.

50.     The FDIC admits that the cited document contains the quoted statements and denies the remaining allegations of the paragraph.

51.     The FDIC admits the allegations in the first sentence of this paragraph.  The FDIC admits that the cited document contains the quoted statement and denies the remaining allegations of this paragraph.

52.     The FDIC denies the allegations of this paragraph.

53.     The FDIC denies the allegations of this paragraph.

54.     The FDIC denies the allegations of this paragraph.

55.     The FDIC denies the allegations of this paragraph.

56.     The FDIC admits that the cited documents contain the quoted statements and denies the remaining allegations of this paragraph.

57.     The FDIC denies the allegations of this paragraph.

58.     The FDIC admits that the cited documents contain the quoted statements and denies the remaining allegations of this paragraph.

59.     The FDIC admits that the cited documents contain the quoted statements and denies the remaining allegations of this paragraph.

60.     The FDIC admits that the cited document contains the quoted statement and

denies the remaining allegations of this paragraph.

61.     The FDIC lacks knowledge regarding the allegations of the sixth sentence of this paragraph and therefore denies those allegations.  The FDIC admits that the cited documents contain the quoted statements.  The FDIC denies the remaining allegations of this paragraph.

62.     The FDIC admits that the cited documents contain the quoted statements and denies the remaining allegations of this paragraph.

63.     The FDIC denies the allegations of this paragraph.

64.     The FDIC denies the allegations of this paragraph.

65.     The FDIC admits that the cited document contains the quoted statement and denies the remaining allegations of this paragraph.

66.     The FDIC denies the allegations of this paragraph.

67.     The FDIC admits that the cited document contains the quoted statements and denies the remaining allegations of this paragraph.

68.     The FDIC denies the allegations of this paragraph.

69.     The FDIC lacks knowledge regarding the allegations of the first sentence of this paragraph and therefore denies those allegations.  The FDIC admits that the cited document contains the quoted statement and denies the remaining allegations of this paragraph.

70.     The FDIC denies the allegations of this paragraph.

71.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

72.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

73.     The FDIC lacks knowledge regarding the allegations of this paragraph and

therefore denies those allegations.

74.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

75.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

76.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

77.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

78.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

79.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

80.     The FDIC denies the allegations in the first sentence of this paragraph.  The FDIC lacks knowledge regarding the remaining allegations of this paragraph and therefore denies those allegations.

81.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

82.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

83.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

84.     The FDIC lacks knowledge regarding the allegations of this paragraph and

therefore denies those allegations.

85.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

86.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

87.     The first sentence of this paragraph contains legal conclusions to which no response is required.  The FDIC admits that it was the prudential regulator for Bank of Kentucky, Synovus Bank, Hancock Bank and Whitney Bank but denies it is currently the prudential regulator for these institutions.  The FDIC lacks knowledge regarding which "Citizens Bank," "First Bank and Trust," "First Citizens Bank," "Bank Independent," "Compass Bank," "Associated Bank," "First Financial Bank," "FirstMerit," or "First Tennessee Bank," are referenced in this paragraph and therefore denies the allegations.  The FDIC admits the remaining allegations of this paragraph.

88.     The FDIC lacks knowledge regarding the allegations of the second sentence of this paragraph and therefore denies those allegations.  The FDIC denies the remaining allegations of this paragraph.

89.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

90.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

91.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

92.     The FDIC lacks knowledge regarding the allegations of this paragraph and

therefore denies those allegations.

93.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

94.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

95.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

96.     The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

97.     The FDIC denies the allegations of this paragraph.

98.     The FDIC admits that the document cited contains the quoted statements and denies the remaining allegations of this paragraph.

99.     The FDIC admits that the document cited contains the quoted statements and denies the remaining allegations of this paragraph.

100.    The FDIC denies the allegations of this paragraph.

101.    The FDIC denies the allegations of this paragraph.

102.    The FDIC denies the allegations of this paragraph.

103.    The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

104.    The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

105.    The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

106.    The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

107.    The FDIC lacks knowledge regarding the contents of the quoted document and therefore denies those allegations.  The FDIC denies the remaining allegations of this paragraph.

108.    The FDIC admits that it is the prudential regulator for South State Bank.  The FDIC lacks knowledge regarding the remaining allegations of this paragraph and therefore denies those allegations.

109.    The FDIC admits that it is the prudential regulator for International Bank of Commerce.  The FDIC lacks knowledge regarding the remaining allegations of this paragraph and therefore denies those allegations.

110.    The FDIC denies the allegations of this paragraph.

111.    The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

112.    The FDIC denies the allegations of this paragraph.

113.    The FDIC admits it is the prudential regulator for BB&T, denies it is the prudential regulator for Wells Fargo and lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

114.    The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

115.    The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

116.    The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

117.    The FDIC admits that the cited document contains the quoted statement.  The FDIC lacks knowledge regarding the remaining allegations of this paragraph and therefore denies those allegations.

118.    The FDIC admits that the cited document contains the quoted statement.  The FDIC lacks knowledge regarding the remaining allegations of this paragraph and therefore denies those allegations.

119.    The FDIC denies the allegations of this paragraph.

120.    The FDIC admits that the cited document contains the quoted statement and otherwise denies the allegations of this paragraph.

121.    The FDIC lacks knowledge regarding the allegations of the third and fourth sentences of this paragraph and therefore denies those allegations.  The FDIC denies the remaining allegations of this paragraph.

122.    The FDIC lacks knowledge regarding the allegations of the first two sentences of this paragraph and therefore denies those allegations.  The FDIC denies the remaining allegations of this paragraph.

123.    The FDIC lacks knowledge regarding the allegations of this paragraph and therefore denies those allegations.

124.    To the extent this paragraph contains legal conclusions, no response is required. The FDIC denies the remaining allegations of this paragraph.

125.    The FDIC incorporates its preceding responses.

126.    This paragraph consists of legal conclusions to which no response is required.

127.    This paragraph consists of legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the FDIC denies those allegations.

128.    This paragraph consists of legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the FDIC denies those allegations.

129.    This paragraph consists of legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the FDIC denies those allegations.

130.    This paragraph consists of legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the FDIC denies those allegations.

131.    This paragraph consists of legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the FDIC denies those allegations.

132-145.  These paragraphs address Plaintiffs' legal theories pertaining to the other Defendants, and the FDIC is not required to respond to those paragraphs.  To the extent these paragraphs contain factual allegations pertaining to the FDIC, they are denied.

146.    The FDIC denies that Plaintiffs are entitled to any relief whatsoever.

### First Affirmative Defense

Plaintiffs' claims are barred by the applicable statute of limitations.

### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrines of estoppel, waiver and laches.

### Third Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

The relief Plaintiffs seek is barred by 12 U.S.C. § 1818(i).

### Fifth Affirmative Defense

Plaintiffs' claims are tort claims as to which there has been no waiver of sovereign immunity.

## Sixth Affirmative Defense

Plaintiffs' claims are barred by 28 U.S.C. § 2680(a).

## Seventh Affirmative Defense

Plaintiffs' claims are moot.

## Eighth Affirmative Defense

Plaintiffs lack prudential standing to assert their claims.

## Ninth Affirmative Defense

Plaintiffs lack Article III standing to assert their claims.

## Tenth Affirmative Defense

Plaintiffs' claims are not ripe.

## Eleventh Affirmative Defense

Plaintiffs do not identify final agency action under the Administrative Procedures Act.

## Twelfth Affirmative Defense

Plaintiffs' claims are barred because their injuries were caused by nonparties, and no FDIC conduct was the proximate cause of those injuries.

## Thirteenth Affirmative Defense

The allegations of the Third Amended Complaint do not state a claim upon which relief can be granted.

## Fourteenth Affirmative Defense

At all relevant times, the FDIC's procedures for discussing third-party relationships with regulated banks complied with the Due Process Clause.

## Fifteenth Affirmative Defense

Plaintiffs' claims fail for lack of subject matter jurisdiction.

### Sixteenth Affirmative Defense

Plaintiffs' claims for injunctive and other prospective equitable relief are barred because plaintiffs have an adequate and complete remedy at law.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred to the extent that they arise from plaintiffs' own fraudulent, illegal, or otherwise improper conduct.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred by their failure to mitigate.

### Nineteenth Affirmative Defense

The suit should be dismissed for failure to join an indispensable party.

Respectfully submitted,

COLLEEN J. BOLES
Assistant General Counsel
BARBARA KATRON
Senior Counsel

_____/s/_____
DUNCAN N. STEVENS D.C. Bar No. 473550
ANDREW J. DOBER D.C. Bar No. 489638
Counsel
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive, D-7028
Arlington, VA 22226
adober@fdic.gov
(703) 562-2545 (phone)
(703) 562-2477 (fax)

Attorneys for Federal Deposit Insurance Corporation

July 19, 2017