# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCE AMERICA, CASH ADVANCE CENTERS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, et al., <br><br> Defendants. | Civil Action No. 14-953-TNM |

## JOINT STATUS REPORT

Pursuant to the Court's Order of February 16, 2018, Doc. 176 ("Amended Scheduling Order") requiring the Parties to file a Joint Status Report, the Parties hereby submit this Report detailing the Parties' respective views on the current status of discovery in this case.

1. **Status of Plaintiffs' Document Discovery:**

Plaintiffs finalized their production of documents, including the production of privilege logs, to Defendants on February 13, 2018. Apart from the potential need to supplement their discovery responses if new facts arise, there are no outstanding issues related to Plaintiffs' document discovery.

2. **Status of Defendant FDIC's Document Discovery:**

Plaintiffs' statement regarding FDIC's Document Discovery: Defendant Federal Deposit Insurance Corporation ("FDIC") produced its final production of documents to Plaintiffs on March 19, 2018. On March 20, 2018, the FDIC produced its fourth and final privilege log to Plaintiffs. In addition, on March 20, 2018, Plaintiffs wrote to Defendant FDIC expressing serious concerns with the FDIC privilege logs produced prior to that date, including but not limited to,

concerns related to the completeness of the information provided on the logs and the appropriateness of certain assertions of privilege. Plaintiffs will meet and confer with the FDIC over these issues and will contact the Court before filing any motions. Plaintiffs also have concerns about the appropriateness of certain redactions in the documents that have been produced and will raise these concerns with the FDIC once a review of the documents is complete.

FDIC Statement Regarding its Document Discovery: Following the February 14, 2018 status conference, the FDIC produced documents on February 28, 2018 and March 15, 2018. On March 19, 2018, the FDIC produced a small subset of approximately fifty documents previously withheld on privilege grounds. The FDIC provided plaintiffs with privilege logs on a rolling basis (the approach plaintiffs' requested at the February 14, 2018 status conference) on March 5, 2018, March 7, 2018, March 14, 2018 and March 20, 2018.  On March 20, 2018, the FDIC received a letter from plaintiffs' counsel raising issues as to certain of the FDIC's privilege assertions. The FDIC will respond to the correspondence in a timely manner and meet and confer with plaintiffs if necessary.

3. **Status of Defendant OCC's Document Discovery**

Plaintiff's statement regarding OCC's Document Discovery: Defendant Office of the Comptroller of the Currency ("OCC") produced its final production of documents, including a privilege log, to Plaintiffs on March 14, 2018. In addition, on March 14, 2018, the OCC informed Plaintiffs that emails from 21 custodians were not preserved when those custodians left employment with the OCC. The Parties are meeting and conferring on this issue to determine the extent of any spoliation and what if any steps can be taken to rectify this loss of email or whether court intervention is necessary.

OCC Statement Regarding its Document Discovery: The OCC completed its production of documents to the plaintiffs on March 14, 2018. The OCC made a total of seven productions, totaling approximately 7038 pages, based on the use of search terms that Plaintiffs and the OCC agreed to.  Based on its agreement with Plaintiffs or as ordered by the Court, the OCC searched the emails of six high-level OCC Headquarters custodians, including former Acting Comptroller of the Currency Keith A. Noreika, the OCC's chief risk officer, an OCC deputy comptroller, and three OCC directors. The OCC also collected emails from several attorneys in its Chief Counsel's Office involved either in processing administrative requests for confidential supervisory information from the Department of Justice or in representing the OCC in a DOJ-sponsored consumer protection working group.  The OCC also searched the emails of approximately 112 bank examiners. In total, the OCC collected approximately 477,949 documents from email custodians. The OCC has also provided a privilege log to Plaintiffs. Pursuant to its meet-and-confer with Plaintiffs on March 19, 2018, the OCC is in the process of determining whether any of the examiners whose emails were either inadvertently lost during the collection process or who had already left the Agency at the time of the OCC prepared and served its custodian list can be eliminated as likely custodians through either a review of other OCC systems of records or an analysis of collected emails in which those examiners appear as sender, receiver, or copy recipient. The OCC will apprise Plaintiffs of its findings in a timely manner.

4. **Status of Defendant FRB's Document Discovery**

Plaintiff's statement regarding FRB's Document Discovery2 Defendant Federal Reserve Board ("FRB") produced its final production of documents, including a privilege log, to Plaintiffs on March 9, 2018. Plaintiffs have concerns about the appropriateness of certain

redactions in the documents that have been produced and will raise these concerns with the FRB once a review of the documents is complete.

FRB Statement Regarding its Document Discovery: The FRB completed its production of documents to the plaintiffs on March 9, 2018. The FRB made a total of five productions, totaling 6179 pages, responsive to Plaintiff's First Request. As agreed with plaintiffs, the FRB searched the emails of a total of five Board custodians and fifty-five Federal Reserve Bank examination team custodians, and completed a number of other searches, using search terms and time periods agreed with the plaintiffs. Privileged information, the vast majority of which consists of bank examination information which is not responsive to plaintiffs' document requests and not relevant to this lawsuit, was redacted from the documents, primarily those of the examination team custodians. The Board provided a privilege log to the plaintiffs.

5. **Plan for Timely Completion**:

In addition to reporting on the status of document discovery, the Court directed the Parties to describe their plans for timely completion of fact discovery by May 4, 2018.

Plaintiffs report that they are in the process of reviewing the documents recently produced by Defendants, assessing those productions for any deficiencies that may need to be raised, and working with two third-parties (the CFPB and the FDIC-OIG) on the completion of their productions in response to subpoenas issued by Plaintiffs. Plaintiffs intend to take the ten depositions allotted to them by local rule and will start scheduling those depositions once the review of documents is complete. Unless unforeseen issues arise during the review of Defendants' document productions and/or with scheduling, Plaintiffs intend to be completed with depositions by May 4, 2018.

Defendants report that they are reviewing documents produced by plaintiff and continue to assess the completeness of the productions. Defendants also intend to take depositions (possibly fewer than the ten depositions allotted to them) and to complete fact depositions by May 4, 2018.

| | |
|---|---|
| Date:   March 22, 2018 | Respectfully submitted, |
| COLLEEN J. BOLES<br>Assistant General Counsel<br>BARBARA KATRON<br>Senior Counsel<br>DUNCAN N. STEVENS D.C. Bar No. 473550<br>/s/ Andrew J. Dober<br>ANDREW J. DOBER D.C. Bar No. 489638<br>Counsel<br>Federal Deposit Insurance Corporation<br>3501 N. Fairfax Drive, D-7028<br>Arlington, VA 22226<br>adober@fdic.gov<br>(703) 562-2545 (phone)<br>(703) 562-2477 (fax)<br><br>*Attorneys for Federal Deposit Insurance Corporation*<br><br>/s/ Katherine H. Wheatley<br>Katherine H. Wheatley<br>Associate General Counsel<br>Yvonne F. Mizusawa<br>Senior Counsel<br>Joshua P. Chadwick, D.C. Bar. No. 502279<br>Senior Counsel<br>Yonatan Gelblum<br>Counsel<br>Board of Governors of the Federal Reserve System<br>20th & C Streets, N.W.<br>Washington, D.C. 20551<br>(202) 452-3436 (phone) | /s/ Charles J. Cooper<br>Charles J. Cooper (Bar No. 248070)<br>ccooper@cooperkirk.com<br>David H. Thompson (Bar No. 450503)<br>Peter A. Patterson (Bar No. 998668)<br>Nicole J. Moss (Bar No. 472424)<br>Harold S. Reeves (Bar No. 459022)<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (fax)<br><br>*Attorneys for Plaintiffs* |

(202) 736-5615 (fax)
yonatan.gelblum@frb.gov

*Attorneys for Board of Governors of the Federal Reserve System*

KAREN SOLOMON
Acting Chief Counsel
CHARLES M. STEELE
Deputy Chief Counsel
GREGORY F. TAYLOR
Director of Litigation
/s/ Peter C. Koch
PETER C. KOCH
Special Counsel – Litigation Division
Office of the Comptroller of the Currency
400 7th Street SW
Washington DC 20219
Telephone: (202) 649-6313
Facsimile: (202) 649-5709
peter.koch@occ.treas.gov

*Attorneys for the Office of the Comptroller of the Currency and for Joseph M. Otting in his official capacity as Comptroller of the Currency*